Mr. Chief Justice Bingham
delivered the opinion of the Court:
The' petitioner brings this suit for a divorce. After the formal averments of marriage, and that the plaintiff has been faithful in the discharge of his duties as husband, there is an attempted allegation in the bill of facts claimed to amount to cruelty, endangering the health and life of the complainant. An examination of these charges and facts, as stated in the petition, it seems to us, does not warrant the conclusion of the bill. In paragraph 5 he states as follows:
“And he further says that, notwithstanding his anxious and strenuous efforts to provide and have a home for himself and family, he has no home, because the said Emma A. Densmore takes neither interest or care of, or in any *545 matter concerning him or what concerns their mutual welfare; but, on the contrary, opposes every and all efforts the affiant makes to advance the interest of the family; that when he returns from his daily or nightly vocation, as the case may be, tired and worn, there is neither rest or sympathy for him; and that often during the past few years he has been compelled, in order .to obtain the rest and repose demanded by nature, to sleep and eat away from his home; that she, the said Emma, is a constant growler, a chronic com plainer, and seems to be delighted when she can do and say things in the presence of others to wound and mortify his feelings, and is never apparently so happy as when she has an opportunity to humiliate this affiant in the presence of his children or others; and that she is a constant gossip and termagant, and is often guilty of the most indiscreet conduct, so much so as to excite remark, and allows no opportunity to pass where or when she can do an act or say a word to the detriment of his interest, or the degradation of his name in the estimation of the community; that she, the said Emma, is too lavish in her household expenditures, and has often declared she did not know what goods cost, and that it was of no interest or difference to her.
“And this petitioner says, that the said Emma is a constant smoker of cigars, and that the use of tobacco in all forms, either smoking, chewing or snuffing is very objectionable and- nauseating to him as he dees not use the weed in any form or shape, and he regards this as a verjr dangerous example for a mother to set before her daughters.
“And this affiant further says, that because of the foregoing reasons and because of the violent temper, and jealous disposition and extravagant expenditures of his means and all want of sympathy with or in what relates to or concerns this petitioner, an estrangement of all affection, sympathy and esteem has been engendered, and that a hopeless and irreconcilable trouble exists between this affiant and *546 the respondent because of the foregoing facts and allegations.
“And he further says, that during a recent severe illness, because of the said Emma’s words and suspicious actions in declaring that she wished this affiant was dead, &c., those who called, especially his physician, became alarmed, but at no time during his said illness did she offer in any manner to minister to his wants, or even at any hour during his helplessness offer any assistance, nor even answer the bell calls; and that because of her turbulence this affiant was urged by his physician to take refuge in a hospital; this he did not do, but he did leave his bed and room long before he ought to have, and was thereby caused great and unnecessary bodily pain. Because of the foregoing he feels that his health and life are endangered by living with said Emma.”
The bill then avers abandonment, on the part of the defendant, of his home.
The defendant filed her answer denying generally the facts stated in the petition, and testimony was taken by the parties. We have not examined the testimony, for the reason that upon our examination of this bill we have arrived at the conclusion that it does not state a cause of action under the act of Congress defining causes for which divorce may be granted in this District.
There is no aggression set forth on the part of the wife, no act of violence, no attempt upon his life in any way, nothing but the mere expression of a wish that he was dead, which it appears she made in her ill temper; at most it appears that she is ill tempered and disagreeable, and neglects her duty. If gross neglect of duty was one of the causes for divorce in this District this bill would probably be sufficient.
We are not prepared to say that in no case can a divorce be granted unless there be actual physical violence or some *547 attempted injury by violence to the health and life of the complainant. There may be cases where the husband, by threatening violence, threatened acts, without committing any actual violence, might so put his wife _ in fear as to not only materially injure her health but endanger her life. And it is possible that the reverse might be true, that this might occur under some circumstances by the wife obtaining this sort of control by threats over her husband with equally injurious consequences, but we think such cases would be very rare.
The facts here stated, even if all true, do not amount to such cruelty, and the complainant is not entitled by the averments of his bill to any relief.

Bill dismissed.